Richard **FILIPPI** and Muriel Filippi as Co–Trustees of the Henry Filippi Supplemental Needs Trust, Plaintiffs,

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES** and New York City Department of Social Services, Defendants.

### No. 99 CIV 8667 JES.

United States District Court, S.D. New York.

April 10, 2001.

Roy F. Scaffidi, New York, NY, Attorney for Plaintiffs.

Mary Jo White, United States Attorney for the Southern District of New York, Attorney for Defendant U.S. Dep't. of Health and Human Services, New York, NY, Susan S. Normand, Assistant United States Attorney, Of Counsel.

Michael H. Hess, Corporation Counsel for the City of New York, Attorney for Defendant New York City Dep't. of Social Services, HRA/ORI Litigation Division, New York, NY, Douglas R. Israel, Assistant Corporation Counsel, Of Counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

The above-captioned interpleader action comes before the Court on defendant U.S. Department of Health and Human Services ("HHS")'s and defendant New York City Department of Social Services ("DSS")'s cross-motions for judgment on the pleadings. Each defendant claims priority over proceeds from a medical malpractice action being held in the Henry Filippi Supplemental Needs Trust ("the Trust") for reimbursement of medical expenses defendants conditionally paid on behalf of decedent Henry Filippi. For the reasons that follow, defendant HHS's motion is granted and defendant DSS's cross-motion is denied.

## BACKGROUND

The Trust was created by Order of the New York State Supreme Court, Bronx County, upon settlement of a medical malpractice suit brought by the decedent prior to his death. *See* Declaration of Sarah S. Normand dated September 15, 2000 ("Normand Decl."), Exhibit ("Exh.") 1, Amended Complaint dated June 12, 2000 ("Amended Cmplt.") at ¶¶ 5–6. To ensure that the decedent was able to retain his eligibility for Medicaid, a program which is administered by defendant DSS, the Trust's terms conformed to the requirements of 42 U.S.C. § 1396p(d)(4)(a) (West 2000) and N.Y. Soc. Serv. § 366(1)(b)(2) (McKinney 2000). In conformity with such statutes, the Trust instrument provided that the Trust was to terminate upon the death of the decedent, and that DSS "shall be reimbursed from all amounts remaining in trust up to the total value of all medical assistance paid on behalf of the Beneficiary during his lifetime, as is consistent with Federal and State law." Normand Decl., Exh. 3, Order to Show Cause filed in Bronx State Supreme Court dated June 10, 1999 ("Show Cause Order"), Exh. E, Trust Agreement dated November 21, 1996 ("Trust Agreement"), at § 3.3. The medical assistance paid by Medicaid for decedent that is eligible for reimbursement totals $370,681.05. *See* Show Cause Order, Exh. G, Medicaid Claim Detail Report dated November 8, 1998.

Between 1991 and 1996, Empire Blue Cross & Blue Shield, agent for Medicare (a

program administered by defendant HHS), provided an additional $245,851.03 in conditional payments to the decedent's health care providers.[1] *See* Normand Decl., Letter to Robert M. Marino, Esq. dated October 19, 1998 at 1. Minus procurement costs, as required by 42 C.F.R. § 411.37, Medicare has a claim against the Trust for conditional payments totaling $180,478.01 plus interest.[2] *See id.* As of late 1998, the Trust consisted of approximately $400,000 in principal, well short of defendants' claims for reimbursement.

## DISCUSSION

HHS's statutory right to recover its conditional Medicare payments is set forth in 42 U.S.C. § 1395y(b)(2)(B)(ii):

[i]n order to recover payment under this subchapter ... the United States may bring an action against any entity which is required or responsible (directly, as a third-party administrator, or otherwise) to make payment with respect to such item or service (or any portion thereof) under a primary plan ... or against any other entity (including any physician or provider) that has received payment from that entity with respect to the item or service.

*Id.* Moreover, "[t]he United States shall be subrogated ... to any right under this subsection of an individual or any other entity to payment with respect to such item or service." 42 U.S.C. § 1395y(b)(2)(B)(iii). Medicare regulations similarly provide that "[HHS] has a

right of action to recover its payments from any entity, including a beneficiary, provider, supplier, physician, attorney, State agency or private insurer that has received a third party payment." 42 C.F.R. § 411.24(g) Medicare is also entitled to a setoff of third-party payments made to a state Medicaid agency to the extent Medicare is not reimbursed for such payments. *See id.* at § 411.24(j).

Courts have uniformly held that this statutory and regulatory authority coupled with relevant legislative history entitles Medicare to priority over all other claimants in seeking reimbursement of its conditional payments from third-party payers. *See, e.g., Clifford v. Charity Hosp.,* No. Civ. A. 96–2723, 1997 WL 313222, at *2 (E.D.La. June 5, 1997); *United States v. Geier,* 816 F.Supp. 1332, 1335–37 (W.D.Wis.1993). Accordingly, HHS, as administrator of Medicare, is entitled to priority in claims against the instant Trust, as it constitutes "an entity" that has received payment from a third-party payor which was ultimately responsible for payments conditionally advanced by Medicare.

Defendant DSS, however, argues that the Trust is not "an entity ... which has received a third-party payment," because such payment was in fact made to the decedent who in turn placed the money into the Trust. *See* Memorandum of Law in Opposition to HHS's Motion for Judgment on the Pleadings dated September 27, 2000 at 6. Even assuming this distinction has relevance, however, defendant

---

1. While Medicare does not cover costs of health care services as to which "payment has been made, or can reasonably be expected to be made" under a liability insurance plan, *see* 42 U.S.C. § 1395y(b)(2)(A), it may conditionally pay health care costs incurred as a result of injuries caused by a third-party, or that may ultimately be covered by an insurance policy. *See id.* at § 1395y(b)(2)(B)(i); 42 C.F.R. §§ 411.24, 411.52 (2001). Such pay-

ments are conditional because Medicare may seek reimbursement of its expenditures if an insurer or third-party later covers the costs. *See id.*

2. Interest accrues on any debt arising from a third-party's failure to make reimbursement within sixty days. *See* 42 U.S.C. § 1395y(b)(2)(B)(i).

DSS misstates the method by which payments were made to the Trust. As is clear from the record, in order to ensure that decedent would retain his eligibility for Medicaid, the decedent never obtained access to the funds, but rather such funds were placed in escrow pending the Trust's creation and then were placed directly in the Trust. *See* Show Cause Order, Affidavit of Robert M. Marino, Esq. dated October 6, 2000 at ¶¶ 3–4. As such, the Trust was in fact an entity that directly received a third-party payment to which the United States was entitled by law.[3]

## CONCLUSION

For the foregoing reasons, defendant HHS's motion for judgment on the pleadings is hereby granted and defendant DSS's cross-motion for judgment on the pleadings is hereby denied. Defendant HHS shall submit an appropriate Order to the Court directing disposition of the funds in the Trust in accordance with the terms of this Memorandum Opinion and Order on or before April 31, 2001.

---

**3.** The Court also finds without merit defendant DSS's argument that both the Trust and state law require that priority be given to Medicaid reimbursement. Congress has expressed a clear intent to pre-empt state law by explicitly requiring that Medicare be reimbursed by private insurers for its conditional payments, and such language similarly renders conflicting provisions of the Trust unenforceable. *See Geier,* 816 F.Supp. at 1337.